**Victor J. ORENA, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Pasquale AMATO, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Nos. 96 CV 1461, 92 CR 351 and 96 CV 1474.**

United States District Court, E.D. New York.

Feb. 26, 1997.

---

## MEMORANDUM AND ORDER

WEINSTEIN, Senior District Judge:

A telephone inquiry was received by chambers from a television broadcasting company seeking permission to record and broadcast the February 28, 1997 hearing in this matter.

Such permission cannot be granted for two reasons.

First, the proceeding is in part criminal (92 CR 351) (motion for new trial) and in part quasi-criminal (96 CV 1461, 1474) (habeas corpus proceeding). Rule 53 of the Federal Rules of Criminal Procedure bans broadcast from the courtroom in criminal matters. *See* Fed.R.Crim.P. 53; *Katzman v. Victoria's Secret Catalogue,* 923 F.Supp. 580, 583, n. 1 (S.D.N.Y.1996); *cf.* E.D.N.Y.Gen.R. 7 (discretion of individual judges to permit television recording in civil cases); *Hamilton v. Accu-Tek,* 942 F.Supp. 136 (E.D.N.Y.1996) (broadcast of civil hearing permitted).

Second, the subject matter (and possibly witnesses) in the February 28 hearing is likely to come before juries in pending criminal trials in this district. Televising the hearing might adversely affect the district's ability to empanel an impartial jury. *Cf. Westmoreland v. Columbia Broadcasting System, Inc.,* 752 F.2d 16, 23 (2d Cir.1985) (concerns about effect of television broadcast on trials).

So Ordered.